
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2013 AUG 12 AM 11: 46

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

KATTI A. HOFSTETTER,                     )     NO. 68156-7-I
a single woman,                          )
            Appellant,             )     DIVISION ONE
                        )
           v.                  )
                        )
CITY OF BELLINGHAM,                      )     UNPUBLISHED OPINION
a municipal corporation,                 )
                        )
          Respondent.             )     FILED: August 12, 2013
_____)

      LAU, J. — Katti Hofstetter sustained catastrophic injuries after falling from a cliff above a popular swimming hole, known as the "whirlpool," in the City of Bellingham's Whatcom Falls Park. Hofstetter sued the City of Bellingham, alleging its negligence proximately caused her injuries and damages. The City claimed immunity from liability under the recreational use statute, RCW 4.24.210. The jury returned a verdict finding no recreational use immunity because it found the whirlpool area was closed when Hofstetter was injured. It also found the City not negligent on Hofstetter's premises liability claim. Hofstetter contends the trial court erroneously denied her partial summary judgment motion, which sought to remove the issue of recreational use immunity from the jury's consideration. Finding no error, we affirm.

      The City denied negligence and asserted recreational use immunity as an affirmative defense to Hofstetter's personal injury complaint. The recreational use

statute provides that landowners who "allow" members of the public to use their land for outdoor recreation "shall not be liable for unintentional injuries to such users." RCW 4.24.210(1). Its purpose is "to encourage owners or others in lawful possession and control of land . . . to make them available to the public for recreational purposes by limiting their liability toward persons entering thereon and toward persons who may be injured or otherwise damaged by the acts or omissions of persons entering thereon." RCW 4.24.200.

The City moved for summary judgment, invoking recreational use immunity.[1] It argued immunity from liability as a matter of law because Whatcom Falls Park charged no fee for public outdoor recreational use. Hofstetter opposed the motion, arguing that material fact issues remained as to whether the City "allowed" public recreation in the whirlpool area.[2] She argued, "The evidence in the record supports a finding of fact that the City did not intend to hold the area where plaintiff was injured open to the public for outdoor recreation."

The trial court denied the motion, agreeing with Hofstetter that questions of fact existed over whether the City allowed the public to use the whirlpool area on the day Hofstetter was injured. It signed Hofstetter's proposed form of order, which stated, "The record demonstrates that a genuine issue of material fact exists concerning whether

---

[1] After conducting additional discovery, the City filed a second summary judgment motion. Neither party raises any issue related to this motion.

[2] Hofstetter filed no cross motion for partial summary judgment on this issue.

defendant intended to hold the area where plaintiff was injured open to the public for recreational use."[3]

Approximately one month before the scheduled trial date, Hofstetter filed a motion for partial summary judgment, asking the court to "strike" the City's recreational use immunity affirmative defense. Contrary to her earlier position opposing the City's summary judgment motion on factual issues, she now argued summary judgment should be granted in her favor because no material fact issues remained because the whirlpool area was undisputedly closed. To support this contention, she submitted the deposition of park operations manager Marvin Harris. She claimed his testimony showed the City closed the whirlpool area due to possible contamination from a 1999 pipeline explosion. She argued that since the area was undisputedly closed as a matter of law, the City was not entitled to present its immunity defense at trial.

The City opposed Hofstetter's motion, observing that Hofstetter's argument conflicted with her previous assertion that the jury should decide the City's entitlement to immunity. The City argued, "For [Hofstetter] to wait until this period of time right before trial to then assert that just the opposite of that, that no material issue of fact exists on that immunity defense, is just, it's not fair, and there should be judicial estoppel in that respect."[4] VRP (Dec. 17, 2010) at 6.

---

[3] We have noted, "The summary judgment procedure is designed to avoid useless trials. Where there is a genuine issue as to any material fact, however, a trial is not useless, but is absolutely necessary." Moore v. Pac. Nw. Bell, 34 Wn. App. 448, 456, 662 P.2d 398 (1983).

[4] The City does not argue on appeal that judicial estoppel or invited error applies here.

68156-7-I/4

The City also argued that genuine issues of material fact remained as to whether it allowed public recreation in the whirlpool area on the date of the accident. It acknowledged that "active use" of the whirlpool area had been restricted "for a relatively short period of time immediately following the [1999] pipeline explosion . . . ." VRP (Jan. 14, 2011) at 16. But it claimed that concerns over petroleum contamination had subsided before Hofstetter's accident, prompting city officials to allow the public to resume recreation in the whirlpool area.

The court denied Hofstetter's motion. It noted the motion presented the "same issues" as those underlying the City's earlier summary judgment motion. VRP (Jan. 14, 2011) at 23. It explained,

> I just went back, and I put up the order that the Court entered the first time on summary judgment, and the Court said, the order says, "The Court finds that the record demonstrates a genuine issue of material fact concerning whether the Defendant intended to hold the area where Plaintiff was injured open to the public for recreational use . . . ."
> . . . The issues of who got to go in there and whether it was open or closed were argued to the Court the first time. I really don't think we've progressed, even through your recent discovery, past the point that I think we were at the last time when we had the first summary judgment, which I think that these are still issues of fact on both sides.

VRP (Jan. 14, 2011) at 22. The court properly ruled, as it did the first time, that the issue of recreational use immunity was a jury question.[5] It is well settled that "[a] summary judgment denial cannot be appealed following a trial if the denial was based upon a determination that material facts are disputed and must be resolved by the fact finder." Brothers v. Pub. Sch. Emps. of Wash., 88 Wn. App. 398, 409, 945 P.2d 208 (1997).

---

[5] Our review of the record shows material fact issues on the question of whether the whirlpool area was open to the public for recreation on the injury date.

-4-

68156-7-I/5

The jury answered questions in the special verdict form[6] that addressed the recreational use immunity and common law negligence issues.[7] Hofstetter prevailed on the issue of recreational use immunity:

> Question No. 1: At the time of Plaintiff's accident, did the City of Bellingham allow the public to use the Whirlpool Falls area of Whatcom Falls Park for outdoor recreation?
> Answer: No (Write "yes or "no")

(Formatting and capitalization omitted.) The City prevailed on the issue of negligence:

> Question No. 3: At the time of her injury what was Plaintiff Katti Hofstetter's status on the land in the Whirlpool Falls area of Whatcom Falls Park?
> ANSWER: Invitee: . . . Licensee: [X]
> . . . .
> Question No. 3: Was the Defendant City of Bellingham negligent?
> Answer: No (Write "yes or "no")

(Formatting and capitalization omitted.)

Under the circumstances here, we find no error.[8]

Hofstetter claims the denial of her partial summary judgment motion "deprived her of the opportunity and right to effectively present the evidence establishing her

_____

[6] Hofstetter did not object to any of the questions or the form of the special verdict.

[7] Hofstetter assigns error to the trial court's denial of her motion for judgment as a matter of law, which she brought at the close of all evidence at trial. She acknowledges this challenge "entails the same issues and launches essentially the same analysis as the question as to whether the court erred in denying the motion for partial summary judgment." Br. of Appellant at 33. The challenge fails for the reasons discussed below. We also note that Hofstetter's opening briefing on this issue purports to argue using incorporation by reference. We do not allow this form of argument. Diversified Wood Recycling, Inc. v. Johnson, 161 Wn. App. 859, 890, 251 P.3d 293, review denied, 172 Wn.2d 1025 (2011).

[8] We do not address the question of whether immunity exists if a member of the public enters land that is open for public recreational use but sustains an injury in a portion of the land that is closed to the public.

theory of the case." Br. of Appellant at 49. She explains, "[I]t is submitted that a thorough examination of the record in this case reflects that, based on her theory of the case, the plaintiff's lawsuit against the City has considerable merit and, accordingly, deserves a trial that is not infiltrated by confusing and distracting evidence relating to recreational use immunity." Br. of Appellant at 34. We are not persuaded by this speculative and unsupported claim. Hofstetter cites nothing in the record to support jury confusion. This claim fails.

Plaintiff's Proposed Jury Instruction 38

Hofstetter also challenges the trial court's refusal to give proposed instruction 38, which identified an agency relationship between the City and its employees:

> PLAINTIFF'S PROPOSED INSTRUCTION NO. 38
> An agent is a person employed to perform services for another called the principal. In this case the employees of the City of Bellingham who testified at trial were agents of the City.
> The City is charged with, and bound by, the knowledge of or notice to its employees received while they were acting within the scope of their employment.

Without the instruction, she argues, some jurors might refuse to consider the testimony of park employees when deciding whether the City was negligent. This challenge fails because our record shows Hofstetter offered a different rationale for the instruction below. We need not review a rationale presented for the first time on appeal. See Stewart v. State, 92 Wn.2d 285, 298, 597 P.2d 101 (1979) ("objection [to instruction or refusal to give instruction] must apprise the trial judge of the precise points of law involved and when it does not, those points will not be considered on appeal."); Sigurdson v. City of Seattle, 48 Wn.2d 155, 163-64, 292 P.2d 214 (1956) (declining to review instructional challenge on ground that, at the time exception was taken, "the

reason given the trial court was not the reason urged before this court."). In any event, the court properly exercised its discretion in declining to give this instruction. Whether employees were agents of the City was not disputed at trial. Hofstetter fails to establish that the court's failure to instruct the jury on agency deprived her of the opportunity to argue her case to the jury. The trial court had no duty to give an irrelevant or unsupported instruction.[9] Jaeger v. Cleaver Constr., Inc., 148 Wn. App. 698, 716, 201 P.3d 1028 (2009); Ethridge v. Hwang, 105 Wn. App. 447, 456, 20 P.3d 958 (2001).

We affirm.

WE CONCUR:

---

[9] To the extent Hofstetter raised a challenge regarding instruction 18, the issue is waived. Hofstetter concedes she assigned no error to the court's provision of Instruction 18. Under RAP 10.3(g), "[a] separate assignment of error for each instruction which a party contends was improperly given or refused must be included with reference to each instruction or proposed instruction by number. . . . " Further, the record shows Hofstetter took no exception to instruction 18 below. Generally, the failure to take exception waives any challenge on appeal. Estate of Ryder v. Kelly-Springfield Tire Co., 91 Wn.2d 111, 114, 587 P.2d 160 (1978).